No. DA 06-0340

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 61N

_____

WAYDE S. LEWIS,

        Plaintiff and Appellant,

   v.

FRANCES LEWIS and MAY WALKER-BRANTON,

        Defendants and Respondents.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                    In and for the County of Gallatin, Cause No. DV-04-502,
                    The Honorable Mike Salvagni, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

                Andrew J. Breuner, Attorney at Law, Gallatin Gateway, Montana

        For Respondent:

                Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

_____

Submitted on Briefs:  February 14, 2007

Decided:  March 6, 2007

Filed:

_____
                                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Wayde Lewis (Wayde) and Frances Lewis (Frances) jointly purchased a 1993 Saturn SL2. Wayde and Frances took title as co-owners to the car on September 4, 1993. Wayde eventually filed for bankruptcy and on July 25, 1995, the United States Bankruptcy Court discharged Wayde's debts and extinguished his ownership interest in certain assets, including the car. Wayde and Frances were divorced on September 19, 1997. The decree of dissolution did not address ownership of the car.

¶3 Frances traded in the Saturn SL2 for a new car on July 25, 1998. Frances claims that the dealership allowed her to use documents from Wayde's bankruptcy proceeding and the decree of dissolution of Frances's and Wayde's marriage to establish her authority to trade the vehicle without Wayde's permission. May Walker-Branton (May) served as notary for the certificate of title transferring the Saturn SL2. Wayde was incarcerated at the Montana State Prison at the time Frances traded the car. Wayde obtained a copy of the title transfer certificate from the Department of Motor Vehicles after his release from prison. Wayde filed an action against Frances and May in District Court.

¶4 The District Court granted summary judgment to Frances and May. The court determined that Wayde's claim that he had made payments for the car from a joint account lacked merit in light of the fact that any payments from the joint account occurred after Frances and Wayde had divorced, and, therefore, Wayde no longer had any ownership interest in the account. The court further determined that Wayde's actions in discharging the car in the bankruptcy proceeding released Wayde from owing any further payments on the car. The court concluded that Wayde could not retain an ownership interest in personal property from which the Bankruptcy Court had released Wayde from paying. Wayde appeals.

¶5 We review *de novo* a district court's decision to grant summary judgment, based upon the same criteria applied by the district court. *Hardy v. Vision Service Plan*, 2005 MT 232, ¶ 10, 328 Mont. 385, ¶ 10, 120 P.3d 402, ¶ 10. We must determine whether the court correctly found that no genuine issues of material fact existed and whether the court applied the law correctly. *Hardy*, ¶ 10.

¶6 We have determined to decide this case pursuant to Section 1, Paragraph 3 of the Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that Wayde's appeal lacks merit. Settled Montana law clearly controls the legal issues presented and the District Court correctly interpreted these legal issues.

¶7 Affirmed.

/S/ BRIAN MORRIS

3

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART